IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:06-CR-14-FL(3)
NO. 7:08-CV-163-FL(3)

| | |
|---|---|
| **BOBBY GERALD PEARSALL,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| **UNITED STATES OF AMERICA**, ) | |
| Respondent. ) | |
| _____ ) | |

This Cause comes before the Court upon the Government's Motion to Dismiss [DE-33] *pro se* Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("Motion to Vacate") [DE-31]. Petitioner has filed a response [DE-37] and the Government's Motion to Dismiss is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1) this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss [DE-33] be GRANTED and that Petitioner's Motion to Vacate [DE-31] be DENIED.

**I. Background**

Petitioner was charged in an indictment on February 22, 2006 with multiple drug and gun offenses [DE-1]. On October 18, 2006, Petitioner pled guilty to two counts of the indictment: 1) conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 846; and 2) possession of a firearm

Case 7:06-cr-00014-FL   Document 38   Filed 01/07/09   Page 1 of 5

in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) [DE-15]. This guilty plea was memorialized in a Plea Agreement filed and approved by this Court [DE-15]. He was sentenced on June 21, 2007 to a total of 241 months imprisonment [DE-28]. No direct appeal was filed by Petitioner. Accordingly, Petitioner's conviction became final on June 21, 2007. U.S. v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001)(conviction becomes final on the date the judgment of conviction is entered when Petitioner declines to pursue direct appellate review). Finally, Plaintiff filed the instant Motion to Vacate on October 2, 2008 [DE-31].[1]

## II. Legal Standards and Analysis

### A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. Such a motion to dismiss should not be granted unless it appears certain that plaintiff can prove no set of facts that would support his claim and entitle him to relief. *See* Mylan Laboratories v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court assumes that the allegations of the complaint are true and construes them in a light most favorable to the plaintiff. *See* Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); GE Investment Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001). Plaintiff, as a *pro se* litigant, is entitled to have his pleadings construed more liberally than those drafted by attorneys. *See* Haines v. Kerner, 404 U.S. 519

---

[1] Petitioner's Motion to Vacate was not stamped as legal mail by the institution where he is incarcerated. The envelope in which Petitioner mailed his Motion to Vacated is postmarked October 2, 2008, and was received by the Clerk's office on October 7, 2008 [DE 31-2].

2

Case 7:06-cr-00014-FL   Document 38   Filed 01/07/09   Page 2 of 5

(1972). Nevertheless, there are limits to which the court may legitimately go in construing such complaints. *See* Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

**B.  28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  28 U.S.C. § 2255(a).  Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations.  28 U.S.C. § 2255(f). This limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
> 28 U.S.C. § 2255(f)(1-4).

Here, the latest applicable date is the date on which the judgment of conviction became final.  Petitioner's conviction became final on June 21, 2007 and thus he had until June 21, 2008 to file a timely motion pursuant to 28 U.S.C. § 2255.  However, Petitioner's Motion to Vacate was not filed until October 2, 2008.  Thus, Petitioner's Motion to Vacate

is untimely on its face. Thus, Petitioner's motion must be dismissed unless it is eligible for equitable tolling.

The doctrine of equitable tolling generally is appropriate in two distinct situations: where the petitioner was prevented from asserting his claim by some wrongful conduct on the part of the respondent, or where extraordinary circumstances beyond the petitioner's control made it impossible to file the claims on time. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id. Specifically:

> any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
> Id.

Petitioner has failed to assert any facts which would indicate that equitable tolling is appropriate in this matter. Accordingly, the undersigned RECOMMENDS that Petitioner's Motion to Vacate be dismissed on the grounds that it is time-barred.

## Conclusion

For the aforementioned reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss [DE-33] be GRANTED and that Petitioner's Motion to Vacate [DE-31] be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 7th day of

January, 2009.

                                                                                         William A. Webb
                                                                                         U.S. Magistrate Judge