IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:06-CR-14-FL
NO. 7:08-CV-163-FL

| | |
|---|---|
| BOBBY GERALD PEARSALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") of United States Magistrate Judge William A. Webb (DE #38)[1] regarding petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE #31) and respondent United States of America's (hereinafter "government") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (DE #33). The magistrate judge recommends the court grant the government's motion to dismiss and deny petitioner's motion to vacate. Petitioner objects to the M&R. The issues raised are ripe for ruling.

## BACKGROUND

Petitioner was charged in an indictment returned February 22, 2006 with multiple drug and gun offenses. On October 18, 2006, petitioner pleaded guilty, pursuant to a plea agreement, to two counts of the indictment: (1) conspiracy to distribute and possess with the intent to distribute fifty

---

[1] Docket entry numbers correspond to case number 7:06-CR-14-FL.

grams or more of cocaine base (crack) in violation of 21 U.S.C. § 846; and (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). This court sentenced petitioner on June 21, 2007 to a total of 241 months imprisonment. Judgment was entered that same date. Petitioner filed no direct appeal. He filed the instant motion to vacate on October 2, 2008.[2]

## DISCUSSION

The district court conducts a *de novo* review of those portions of a magistrate judge's memorandum and recommendation to which specific objections are filed. 28 U.S.C. § 636(b). Those portions of the memorandum and recommendation to which only general or conclusory objections are lodged may be affirmed by the district court unless clearly erroneous or contrary to law. Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

The magistrate judge recommends that petitioner's § 2255 motion to vacate be dismissed as untimely. Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. Because petitioner's conviction became final on June 21, 2007, he had until June 21, 2008 to file a timely motion. Petitioner's motion to vacate, however, was not filed until October 2, 2008. Accordingly, the magistrate judge found that petitioner's motion was untimely on its face, and that petitioner had failed to assert any facts suggesting that equitable tolling is appropriate in this matter.

Petitioner admits that his motion was not timely filed, but he objects to the M&R on the

---

[2]As the magistrate judge noted, the envelope in which petitioner mailed his motion to vacate was not stamped as legal mail. It is postmarked October 2, 2008, and was received by the Clerk's office on October 6, 2008.

2

basis that his delay was justified, and equitable tolling should apply. Equitable tolling may be appropriate in two situations: where the wrongful conduct of the respondent prevented the petitioner from asserting his claim, or where extraordinary circumstances beyond the petitioner's control made it impossible to file the claims on time. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). First, petitioner argues that had his attorney filed an appeal as promised, petitioner would not have been late in filing his § 2255 motion. Second, petitioner argues that the prison where he is housed was on institutional lock-down status from July 12, 2008 until August 12, 2008, and again from January 5-15, 2009, and that he was unable to access the law library, typewriter, or copying machine during those times.

The circumstances asserted by petitioner do not render equitable tolling appropriate in this case. Petitioner does not argue that his attorney failed to file an appeal after being instructed to do so, but that the attorney, pursuant to petitioner's plea agreement, promised to file an appeal if "any new constitutional laws or amendments arise." Even had petitioner's counsel been ineffective in failing to file an appeal on petitioner's behalf, such a failure would not justify equitable tolling in this case.[3] See Rouse v. Lee, 339 F.3d 238, 248-49 (4th Cir. 2003). Furthermore, petitioner's argument that the prison where he is housed imposed lock-down conditions is completely unavailing, especially because the alleged lock-downs occurred after the time for filing had expired. Equitable tolling "must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330. No such circumstances are present here.

---

[3] Even if equitable tolling were appropriate, the claim asserted in petitioner's § 2255 motion is foreclosed by the Fourth Circuit's opinion in United States v. Studifin, 240 F.3d 415 (4th Cir. 2001).

3

## CONCLUSION

Upon *de novo* review and for the reasons discussed herein, the court hereby ADOPTS the recommendation of the magistrate judge as its own. Accordingly, the government's motion to dismiss is GRANTED, and petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DISMISSED. The clerk is instructed to close this case.

SO ORDERED, this the 17th day of June, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge

4