# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION

NO. 7:06-CR-00014-FL-1
NO. 7:12-CV-00179-FL

| | |
|---|---|
| BOBBY GERALD PEARSALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This cause comes before the Court upon petitioner Bobby Gerald Pearsall's second motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("motion to vacate"). (DE-50). In addition, Pearsall seeks appointment of counsel. (DE-56). The government has responded (DE-57), and Pearsall has replied (DE-58). Accordingly, the motion to vacate and the motion to appoint counsel are ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), these motions are before the undersigned for the entry of a memorandum and recommendation. For the reasons set forth herein, it is RECOMMENDED that Pearsall's second motion to vacate (DE-50) and motion to appoint counsel (DE-56) be DENIED.

**I.    BACKGROUND**

On October 18, 2006, Pearsall pled guilty pursuant to a written plea agreement to (1) conspiracy to distribute more than fifty grams of cocaine base (crack) and a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (DE-13, DE-15). On June 21,

1

2007, this Court sentenced Pearsall to a total of 241 months in prison. (DE-27, DE-28). Pearsall did not appeal his sentence. However, on October 2, 2008, Pearsall filed a pro se motion to vacate pursuant to 28 U.S.C. § 2255. (DE-31). The Court subsequently dismissed Pearsall's motion to vacate as untimely. (DE-40).

On June 21, 2012, Pearsall filed the instant motion to vacate his sentence pursuant to the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Assistant Federal Public Defender Devon Donahue entered a notice of appearance on behalf of Pearsall, but later moved to withdraw from the case, stating that she did not intend to file any motions on Pearsall's behalf. (DE-53). The Court granted Donahue's motion to withdraw. Pearsall objects to Donahue's withdrawal from the case and asks the Court to appoint another attorney to represent him on the motion to vacate. (DE-56).

The government responds that the motion to vacate is untimely and should be dismissed because Pearsall did not file the petition within one year of his judgment becoming final and because he has failed to show that he has obtained leave to file a successive § 2255 motion.

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 2255

A petitioner asserting constitutional error pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In such a proceeding, the burden of proof is on the petitioner to establish his claim by a preponderance of the evidence. See, e.g., Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is

upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); Toribio-Ascencio v. United States, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549 at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1-4).

Equitable tolling applies to the statute of limitations in § 2255 proceedings. United States v. Oriakhi, 394 Fed. App'x 976, 977 (4th Cir. 2010) (citing Holland v. Florida, 560 U.S. __, 177 L. Ed. 2d 130 (2010)). However, the barrier to application of the remedy of equitable tolling is significant. The doctrine of equitable tolling generally is appropriate in two distinct situations: where the petitioner was prevented from asserting his claim by some wrongful conduct on the part of the respondent, or where extraordinary circumstances beyond the petitioner's control made it impossible to file the claims on time. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be

3

guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* Thus, "any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

A second or successive 2255 motion brought in this district must be certified by the Fourth Circuit as containing:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Absent certification by the Fourth Circuit, a second or successive § 2255 petition may not be brought. *See* United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003); Harris v. United States, No. 5:11-HC-2190-FL, 2012 U.S. Dist. LEXIS 118904, at *6-7 (E.D.N.C. Aug. 22, 2012).

With these legal precepts in mind, the undersigned considers Pearsall's claims.

### III. ANALYSIS

#### A. Motion to Vacate

Here, the motion to vacate is untimely. This Court imposed judgment on June 21, 2007. Pearsall did not appeal his conviction or sentence. Pearsall did not file the instant motion to vacate until June 21, 2012, five years after his conviction was final. The motion to vacate is therefore untimely and should be dismissed. Further, this is the second motion to vacate brought by Pearsall. There is nothing in the record to indicate that Pearsall has obtained the necessary certification from the Fourth Circuit to allow him to pursue his instant claim. The undersigned

4

therefore recommends that the motion to vacate be dismissed.

Pearsall contends that the limitation period for filing his § 2255 motion should toll from the August 17, 2011 decision by the Fourth Circuit in *Simmons*, which in turn relied upon the Supreme Court's 2010 decision in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010). However, the Fourth Circuit has determined that *Carachuri-Rosendo* did not recognize a new substantive right retroactively applicable to cases on collateral review. *See* United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012). Instead, "the Supreme Court's decision in *Carachuri* at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment" and is therefore "not retroactively applicable to cases on collateral review." *Id.* Accordingly, the Fourth Circuit in *Powell* affirmed the dismissal of the § 2255 motion as untimely. *Id*. at 560. The undersigned therefore concludes that the motion to vacate is untimely and should be dismissed.

Alternatively, even if Pearsall's motion to vacate were timely and not successive, his claim to relief would nevertheless fail on several grounds. Pearsall argues that he was improperly sentenced as a career offender. However, by virtue of the plea agreement he entered, Pearsall waived the right to challenge his sentence on any grounds other than "ineffective assistance of counsel and prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." Plea Agreement, 2, DE-15. The instant § 2255 motion raises no issues related to prosecutorial misconduct or ineffective assistance. The Fourth Circuit has held that a defendant can, through a plea agreement, waive his appellate rights, as well as the right to collaterally attack his conviction. *See, e.g.*, United States v. Poindexter, 492 F.3d 263, 267-268 (4th Cir. 2007); United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). These waivers are valid and enforceable so long as they are knowing and voluntary. *See* United States v. Blick, 408 F.3d 162,

5

168 (4th Cir. 2005); Lemaster, 403 F.3d at 220.  Here, Pearsall does not dispute that the plea agreement was knowing and voluntary, and there is no evidence of record suggesting otherwise. As such, Pearsall's claim of improper sentence enhancement is precluded by the terms of the plea agreement.  *See* White v. United States, Nos. 4:06-CR-068-FL-1, 4:11-CV-083-FL, 2012 U.S. Dist. LEXIS 103689, at *16-18 (E.D.N.C. July 24, 2012) (concluding that the petitioner's claim to sentence reduction because of the amendment of U.S.S.G. § 4A1.1(e) constituted an impermissible challenge to his sentence barred by the appeal and collateral challenge waiver in his plea agreement).

In addition, even if he had not waived his right to challenge the enhancement, the record indicates that Pearsall received a sentence within the maximum statutory range.  In *Powell*, a three-judge panel of the Fourth Circuit agreed that the petitioner Powell's § 2255 challenge to his twenty-year term of imprisonment based on a prior state drug conviction for which he was not sentenced to more than one year could not succeed.  691 F.3d at 559-60.  In 2004, Powell had been convicted under 21 U.S.C. § 846 of conspiring with intent to distribute crack cocaine.  *Id.* at 555.  Powell was sentenced pursuant to the provisions of 21 U.S.C. § 841(b)(1)(A), which provides for a sentence of no less than ten years and not more than life imprisonment.  *Id.* Although Judge King dissented from the majority in part, he agreed that because Powell was still sentenced within the unenhanced statutory maximum, he was not entitled to relief under 28 U.S.C. § 2255.  *Id.* at 563 (King, J., dissenting in part and concurring in the judgment in part).   That is, even if Powell's sentence was improperly enhanced, he had not received a sentence "in excess of the maximum authorized by law" as set forth in 28 U.S.C. § 2255 and thus his motion to vacate was properly denied.  *Id.*; *see also* United States v. Pregent, 190 F.3d 279, 284 (4th Cir. 1999) (explaining that, because only sentences exceeding the statutory maximum can be challenged by §

6

2255 motion, § 2255 "does not usually apply to errors in the application of the Sentencing Guidelines").

Here, Pearsall pled guilty to conspiracy to distribute more than fifty grams of cocaine base (crack) and a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Title 21, Section 841(b)(1)(A) of the United States Code provides that upon conviction under Section 841(a) or 846, a defendant is subject to minimum term of ten years and maximum term of life imprisonment. The district court sentenced Pearsall to 181 months on this count. Thus, Pearsall received a sentence within the statutory maximum and may not obtain relief pursuant to 28 U.S.C. § 2255. *See, e.g.*, Barksdale v. United States, Nos. 5:08-CR-382-BO, 5:12-CV-419-BO, 2012 U.S. Dist. LEXIS 150469, at *3 (E.D.N.C. Oct. 18, 2012) (noting that, "because career offenders cannot receive sentences in excess of their statutory maximum, those petitioners cannot rely on *Carachuri-Rosendo* to obtain relief under 28 U.S.C. § 2255"); Herron v. United States, Nos. 3:12-cv-430-FDW, 3:09-cr-00026-FDW-1, 2012 U.S. Dist. LEXIS 149281, at *10-12 (W.D.N.C. Oct. 17, 2012) (rejecting the petitioner's argument that he was improperly sentenced as a career offender in light of *Simmons*, because the petitioner received a sentence within the statutory maximum); Jones v. United States, Nos. 4:09-CR-81-BO, 4:12-CV-94-BO, 2012 U.S. Dist. LEXIS 136280, at *3-5 (E.D.N.C. Sept. 24, 2012) (finding that the petitioner's "challenge to the calculation of his base offense level is not cognizable under §2255 as Mr. Jones did not receive a sentence that exceeds his statutory maximum"). Accordingly, Pearsall's claim to relief pursuant to § 2255, even if timely, is not cognizable and should be denied.

### B. Motion to Appoint Counsel

Pearsall also asks the Court to appoint counsel to represent him. There is no constitutional right to counsel in habeas corpus actions. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).

Under 18 U.S.C. § 3006A(a)(2)(B), a court may appoint counsel in a habeas corpus proceeding if it determines that "the interests of justice so require." The undersigned does not perceive issues of great legal complexity in this case. Furthermore, Pearsall has already had the benefit of appointed counsel, who reviewed the case for *Simmons*-related error and declined to present any issues on Pearsall's behalf. As such, the interests of justice do not mandate the appointment of counsel. The undersigned therefore recommends that Pearsall's motion to appoint counsel be denied.

### IV. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Pearsall's motion to vacate (DE-50) and motion for appointment of counsel (DE-56) be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Wednesday, October 24, 2012.

WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE