IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:06-CR-14-FL-1
No. 7:12-CV-179-FL

| | |
|---|---|
| BOBBY GERALD PEARSALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 50), pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), to which the government has responded in opposition. In addition, petitioner moved for appointment of counsel. (DE 56). In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered memorandum and recommendation (M&R) wherein it is recommended that the court dismiss petitioner's motion to vacate, and deny the motion for appointment of counsel. (DE 59). Petitioner filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons stated below, the court adopts the recommendation of the magistrate judge, and dismisses petitioner's motion.

## BACKGROUND

On October 18, 2006, petitioner pleaded guilty to conspiracy to distribute cocaine base and possession of a firearm in furtherance of a drug trafficking crime. On June 21, 2007, petitioner was sentenced to a total term of 241 months imprisonment. Petitioner did not file a direct appeal. On October 2, 2008, petitioner filed a motion to vacate under 28 U.S.C. § 2255, which the court dismissed as untimely. On June 21, 2012, petitioner filed the instant motion pursuant to 28 U.S.C.

§ 2255, arguing that his sentence was erroneous in light of Simmons. The government contends that petitioner's motion is untimely and successive. The M&R recommends dismissal of the § 2255 motion on the basis of untimeliness, as well as denial of the motion to appoint counsel. Petitioner argues in his objections that the court should reach the merits of his motion.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1–4).

Petitioner argues the court should reach the merits of his motion. As discussed in the M&R, which the court adopts and incorporates herein, see M&R 4-7, this argument is foreclosed by United States v. Powell, 691 F.3d 554 (4th Cir. 2012), where the court held that the rule announced in Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010), upon which Simmons is based, is not retroactively applicable to cases on collateral review.

Petitioner suggests that equitable tolling is appropriate. An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill

2

v. Braxton, 277 F.3d 701, 704 (4th Cir.2002). To benefit from equitable tolling, petitioner must demonstrate that (1) he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way and prevented him from timely filing. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir.2004). Petitioner's equitable tolling argument, however, again is foreclosed by United States v. Powell, 691 F.3d 554, 558-59 (4th Cir. 2012). Treating a change in the law as extraordinary circumstances justifying equitable tolling would render the court's holding in Powell meaningless. Moreover, no "miscarriage of justice" has occurred where the sentence imposed in this case was not greater than the statutory maximum. Powell, 691 F.3d at 563 n. 2 (King, J. dissenting in part and concurring in the judgment in part) (quoting Sun Bear v. United States, 644 F.3d 700, 706 (8th Cir. 2011)). Accordingly, the court declines to apply equitable tolling and dismisses petitioner's motion as untimely.

## CONCLUSION

For the foregoing reasons, the court ADOPTS the recommendation of the magistrate judge and DISMISSES petitioner's motion to vacate (DE 50). Where appointment of counsel is not warranted under the circumstances of this case, the motion to appoint counsel (DE 56) is DENIED. Finding no substantial issue for appeal concerning the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.

SO ORDERED, this 3rd day of April, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge